**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ANTONIO HAMMONS, #279214,**

**Petitioner,**

**v.**

**CASE NO. 2:09-CV-14252**
**HONORABLE DENISE PAGE HOOD**

**SHIRLEE HARRY,**

**Respondent.**
**______________________________________/**

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**

## I. INTRODUCTION

This matter is before the Court on Petitioner Antonio Hammons' Motion for Reconsideration [Dkt. #12, filed on March 21, 2011]. Petitioner requests that the Court reconsider the denial of his habeas petition on [Dkt #10, filed on February 28, 2011]. Petitioner filed his *pro se* petition, pursuant to 28 U.S.C. § 2254, on October 29, 2009, in which he sought to challenge his two-count conviction of second-degree murder and one count conviction of unlawfully driving away an automobile. In his *pro se* pleading, Petitioner alleged: 1) that he was deprived of his right to present a complete defense to the charge of second-degree murder due to the exclusion of certain evidence; 2) failure of defense counsel to object to erroneous jury instructions; 3) ineffective appellate counsel to litigate the absent element of malice resulted in maintaining his conviction, where he is factually innocent of second-degree murder.

The Court found that Petitioner failed to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d) pursuant to his habeas petition, that he has not demonstrated

entitlement to statutory or equitable tolling, and that the statute of limitations precludes review of his claims. For the reasons stated below, the Court denies Petitioner' motion for reconsideration.

## II. DISCUSSION

A motion for reconsideration must be filed within fourteen days after entry of the Court's judgment or order. *See* E.D.Mich. LR 7.1(g)(1). The Court's opinion and order was entered on February 28, 2011. Because Petitioner had only fourteen days to file his motion for reconsideration under Local Rule 7.1(h)(1), Petitioner was required to submit his motion on or before March 14, 2011.

Petitioner's motion was not filed with the Court until March 21, 2011. In *Houston v. Lack*, 487 U.S. 266, 272 (1988), the Court established a mailbox rule, which states that a document submitted to prison officials for filing is considered filed with the Court. In the case at hand, if Petitioner had signed, dated, or given his motion to prison authorities to mail on or before March 14, 2011, his motion would be considered timely. *Id.*

Although Petitioner's motion was timely, it fails to satisfy all requirements for reconsideration. Local Rule 7.1(h)(3) states that "the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D. Mich. 2004).

Petitioner fails to satisfy this standard. In Petitioner's motion, he merely presents the

same issues from his Petition for Writ of Habeas Corpus, upon which the Court already ruled. First, Petitioner restated that it was clear that defense counsel requested a negligent homicide instruction. Second, Petitioner restated the issue that "a jury armed with a negligent homicide instruction could have reasonably found that Petitioner's conduct amounted to a 'careless, reckless, or negligent operation of a motor vehicle resulting in . . . death,' and that he was not seeking to cause harm but was recklessly or wantonly indifferent to the results." *People v. McIntosh*, 400 Mich. 1, 5 (1977); *People v. Datema*, 448 Mich. 585, 604 (1995). Third, Petitioner restated the issue of malice being completely absent in his conduct. All three issues were previously stated in the Petition, and were ruled upon by the Court in its Opinion and Order. Petitioner had not demonstrated a palpable defect on the Court's part. In the Court's opinion and order, it ruled that Petitioner's claim was time-barred because he did not file within the time period as stated under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") set forth at 28 U.S.C. § 2244(d). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). In his motion for reconsideration, Petitioner cited to the standard for procedural default and equitable tolling, neither of which is applicable here. Even if Petitioner's motion demonstrated a defect, such a defect would not result in a different disposition of the case because the claim was still time-barred. The Court denies Petitioner's Motion for Reconsideration.

**III. CONCLUSION**

Accordingly,

Petitioner's Motion for Reconsideration [Dkt # 12, filed on March 21, 2011] is DENIED.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: August 18, 2011

I hereby certify that a copy of the foregoing document was served upon Antonio Hammons #279214, 9625 Pierce Road, Freeland, MI 48623 and counsel of record on August 18, 2011, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager